Battle, J.
 

 The ground upon which the plaintiff places his claim to relief, is the allegation, that by an agreement made between him and the defendant, the latter was to purchase the tracts of land mentioned in the pleadings, on the joint account of himself and the plaintiff, and that upon a re-sale, they were to share equally in the profits or loss. The defendant denies the allegations in the most positive terms; insists that he purchased the lands for himself alone, that he took the sheriff’s deed to himself, and that he re-sold the lands as his own, and for his own benefit. lie insists, also, upon the statute of limitations, and the lapse of time. The plaintiff put in. a replication to the answer, and the parties proceeded to take their proofs. From these, it appears, that if the plaintiff has made good his claim to relief, neither the statute of limitations, nor the lapse will bar it, and consequently, such
 
 *106
 
 a bar has not been insisted on in the argument before us. In examining the proofs, we find from the testimony of four witnesses, to wit, Messrs. Rose, Gabard, Belter, and "Williams, that the defendant, at different times, and under circumstances in which they could not well be mistaken, acknowledged that he had purchased the land on the joint account of himself and the plaintiff. The witness McCulloch testifies that during the year, in which the lands were sold by the sheriff, he was cultivating one of the tracts as tenant, and that the plaintiff claimed and took a part of the crop as rent, upon the ground that he was interested in the purchase; and the defendant had never objected to it, nor said any thing to him about it. Mr. Jones, another witness, states that he was present in February or March, 1855, when the plaintiff claimed from the defendant an account of the profits derived from the re-sale of the lands, when the defendant said that the plaintiff might have the corn that he had already taken, but that he, defendant, would hold on to the proceeds of the lands to save himself, as he had lost by Teach, the former owner.
 

 This testimony makes out a case against the defendant so strong, that his counsel allege nothing against it, except that the testimony proves nothing but the declarations of the defendant, and that they alone are not sufficient to convert the deed taken from the sheriff to himself, into one to himself and the plaintiff jointly; and for this position, he relies upon the case of
 
 Brown
 
 v.
 
 Carson,
 
 Busb. Eq. Rep. 272, as one directly in point. That case was decided upon the ground that, except the declaration of the defendant, there was no proof of any fact
 
 dehors the deed,
 
 inconsistent with the idea of an absolute purchase. But the case is no authority for the present, because here, there was
 
 a very significant fact,
 
 inconsistent with the idea of the defendant’s having purchased for himself alone : the plaintiff claimed and took the rent of one of the tracts of land as a joint purchaser, and the defendant never claimed it himself from the tenant, nor objected to the payment of it to the plaintiff. It is true, that the defendant says in his answer, that he sold this corn to the plaintiff,
 
 *107
 
 who promised to pay him for it, but this allegation is not supported by any proof, and is discredited by the testimony of Mr. Jones. This, then, lets in the declaration of the defendant, as corroborating proof, and compels us to declare that the plaintiff is clearly entitled to the relief which he seeks.
 

 Per Curiam, Decree accordingly. ,